UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE CALDWELL COMPANY | Case No. 23-cv-10976 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| MILAD YOUSIF and JUMANA YOUSIF | |
| Defendants. | |
| _____ / | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER REGARDING ALTERNATE SERVICE (ECF No. 49)**

Defendants Milad Yousif and Jumana Yousif, proceeding *pro se*, have "objected" to this court's order granting Plaintiff's Motion for Alternate Service (ECF No. 47), which permitted service of the summons on Jumana Yousif by completion of three methods jointly proving alternate service (ECF No. 48). The court construes this filing, titled as an objection, as a motion for reconsideration of a non-final order under Local Rule 7.1(h)(2). Motions for reconsideration of non-final orders are disfavored. They may be brought when the court made a mistake, an intervening change in controlling law warrants a different outcome, or new facts warrant a different outcome and the

1

those facts could not have been discovered with reasonable diligence before the prior decision. L.R. 7.1(h)(2).

Plaintiff's process server signed under penalty of perjury that he attempted service on Jumana Yousif at her address on 12/28/2024, 1/3/2025, 1/8/2025, and 1/12/2025. ECF No. 47, PageID.348. On each occasion, the server notes that there was "no answer" at the residence. *Id.* Defendants now claim that no attempts at service were made until the deadline for a response, that Plaintiff never called Jumana Yousif to attempt service, and that the process server never knocked at their door. ECF No. 49. These points essentially contest all of the attestations in Plaintiff's affidavit. The court does not, however, find cause to reconsider its earlier ruling granting alternate service because these arguments do not establish that a mistake was made or that new facts unknown at that time would change the outcome of the order. The affidavit of Plaintiff's process server under penalty of perjury was and remains sufficient to establish reasonable efforts made at service, and the court's order permitting alternate service will remain in effect.

Second, Defendants make a number of factual arguments regarding Plaintiff's pending Motion to Avoid Fraudulent Transfer and

2

ask the court to strike and/or deny that motion.  Those arguments are better suited for the motion and evidentiary hearing scheduled for February 27, 2025.  However, the court notes that this filing, which provides factual and legal arguments in response to Plaintiff's motion, is signed by Jumana Yousif, and therefore is properly considered as Jumana Yousif's responsive briefing to that pending motion.

Defendants' motion for reconsideration of the order for alternate service is therefore **DENIED**.  Defendants' "objections" to the motion to avoid fraudulent transfer are treated as a substantive response to that motion and Defendants are free to present their arguments and relevant evidence at the upcoming hearing.

That Jumana Yousif has responded to the Motion for Fraudulent Transfer does not alter this court's order requiring alternate or direct service of the summons on Jumana Yousif, because in this same responsive briefing she has disputed that proper service was attempted; therefore the orders at ECF No. 31 and 48 remain in effect.  The court modifies those orders, however, by adding a date to complete alternate service or direct service; it is therefore **FURTHER ORDERED** that the three methods of alternate service described in ECF No. 48 or direct

3

service must be completed by February 20, 2025, and proof of such service must be filed with the court by February 25, 2025.

**SO ORDERED**.

Date: February 14, 2025          s/F. Kay Behm
                                 F. Kay Behm
                                 United States District Judge