UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CALDWELL COMPANY                    Case No. 23-cv-10976

     Plaintiff,                          Hon. F. Kay Behm
v.                                      United States District Judge

MILAD YOUSIF and
JUMANA YOUSIF

     Defendants.
_____ /

**OPINION AND ORDER ON PLAINTIFF'S MOTION TO AVOID
<u>FRAUDULENT TRANSFER (ECF No. 21)</u>**

## I.  PROCEDURAL HISTORY

Before the court is Plaintiff's motion to avoid a fraudulent transfer
(ECF No. 21).  On August 2, 2023, this court entered a stipulated money
judgment in favor of Plaintiff and against Defendant.  ECF No. 8.
Plaintiff has since sought to collect on this judgment.  *See* ECF Nos. 9-
14 (relating to judgment liens against Defendant).  However, Plaintiff
alleges that in June 2023, Defendant transferred real property from
himself to joint ownership between himself and his spouse, Jumana
Yousif, for $1.00 (the transaction was recorded in July 2023).  ECF No.
21, PageID.171.  Plaintiff alleges this transfer was an effort to defraud

1

Plaintiff as a creditor of Defendant in violation of the Michigan Uniform Voidable Transactions Act (MUVTA), Mich. Comp. Laws § 566.31, *et. seq.*, and seeks to void that transfer.  Defendant does not dispute that the transfer occurred, but disputes that this was a fraudulent transfer in violation of MUVTA.  *See generally* ECF No. 22.

The motion has been fully briefed.  *See* ECF No. 22 (Defendant's Response), ECF No. 23 (Plaintiff's Reply), ECF No. 24 (Defendant's sur-reply), ECF No. 25 (Plaintiff's Corrected Reply), ECF No. 49 (Defendant and Third Party Defendant Jumana Yousif's Response to ECF No. 21).  An evidentiary hearing and argument was held on February 27, 2025, in which witnesses, including both Defendants, testified, and this order follows.[1]

For the reasons set out below, the court **GRANTS** the motion and adjudges the transfer to be **VOID**.

## II.   FACTUAL BACKGROUND

This case was filed on April 26, 2023 against Milad Yousif ("Yousif").  ECF No. 1.  A stipulated money judgment was entered in the

---

[1] The court does not consider Yousif's late-filed "Supplemental Notice" at ECF No. 55 for purposes of this motion.

present case on August 2, 2023 against Yousif, for just under one million dollars plus interest and fees.  ECF No. 8.

Plaintiff alleges the following.  To date, Yousif has remitted $0.00 in voluntary payments towards satisfaction of this judgment.  ECF No. 21, PageID.171.  On or about June 30, 2023, Yousif transferred his marital residence from himself, individually, to joint ownership as tenants by the entireties by Yousif and his spouse, Jumana Yousif, allegedly for consideration of $1.00.  *Id.*; ECF No. 21, PageID.183 ("Quit Claim Deed").  Plaintiff argues that this transfer was only made after suit had been filed against Defendant and after Defendant had filed his answer (and so was plainly aware of the efforts to seek judgment against him), and that there was in fact no consideration or payment from his spouse in exchange for executing the transfer.  Practically, the real estate at issue appears to be Defendant's only substantial asset though which Plaintiff could satisfy a substantial amount of the judgment entered in this matter.

Before hearing evidence on this motion, the parties agreed, and the court ordered, joinder of Jumana Yousif as a necessary party.  ECF No. 31.  Jumana Yousif is currently on the title for the property at

issue, and she is "entitled to the due process protections of notice and the opportunity to be heard in a meaningful manner" before the court can deprive her of her title in the property. *Daws Excavating, LLC v. Camp Retreats Found.*, No. 335313, 2018 Mich. App. LEXIS 255, at *11 (Ct. App. Feb. 13, 2018); *see Mihajlovski v. Elfakir*, 135 Mich. App. 528, 534-35 (1984) ("A grantee who retains title to the property is a necessary party in an action to set aside a fraudulent conveyance."). The court therefore ordered that she be joined to this action pursuant to Mich. Comp. L. § 600.6128, Mich. Ct. R. 2.205, and Fed. R. Civ. P. 69. She was served with the summons and motion and was properly joined and noticed of the hearing on February 27, 2025 to make factual findings on the issue of fraudulent transfer. *See* ECF No. 29, PageID.280; ECF No. 51. She also signed her name to a response to the present motion (ECF No. 49), which the court has accepted as her responsive briefing (ECF No. 50). Both Milad and Jumana Yousif appeared, made arguments, and testified at the motion and evidentiary hearing on February 27, 2025. She has therefore been sufficiently "apprised of the pendency of the action and afforded an opportunity to

present [her] objections." *See Daws Excavating, LLC*, 2018 Mich. App.

LEXIS 255 at *12.

Defendant Yousif and Third-Party Defendant Jumana Yousif

allege that when they bought their residence at 2410 Bella Magnolia Ct,

Oakland Twp., MI, they understood that both of their names would be

on the title.  ECF No. 49, PageID.353.  In 2023, they discovered that the

house was erroneously only in Milad's name.  They executed a quitclaim

deed to correct the title.

## III.  STANDARD OF REVIEW

A creditor seeking relief under Mich. Comp. L. § 566.34(1) has the

burden of proving the elements of the claim for relief by a

preponderance of the evidence.  *Id.* at 4(1)(3).

The court sits as fact-finder on this matter.  In proceedings

supplemental to judgment, an evidentiary hearing is a proper vehicle

for a court to make factual findings and resolve the motion.  *See Can IV*

*Packard Square, LLC v. Schubiner (Schubiner I)*, Nos. 352510, 354185,

354821, 354186, 2021 Mich. App. LEXIS 2697, at *37 (Ct. App. Apr. 29,

2021) (reversing trial court for failing to make factual findings on

alleged UVTA violation in post-judgment proceedings); *Can IV Packard*

*Square LLC v. Schubiner (Schubiner II)*, No. 365820, 2024 Mich. App.

LEXIS 2237, at *16 (Ct. App. Mar. 21, 2024) (finding clear error in trial

court's factual findings at evidentiary hearing but finding no error in

the mechanism itself); *Daws Excavating, LLC*, 2018 Mich. App. LEXIS

255 at *13 (in post-judgment proceedings on MUVTA violations, "[t]he

opportunity to be heard does not mean a full trial-like proceeding, . . .

[but] it does require a hearing to allow a party the chance to know and

respond to the evidence."); *see also United States v. Porath*, 764 F. Supp.

2d 883, 892 (E.D. Mich. 2011) (jury not required and court may make

factual findings to set aside allegedly fraudulent conveyance of real

property).

## IV.   ANALYSIS

MUVTA permits a creditor to void a fraudulent disposal of

property belonging to a person who is liable on a claim.  Mich. Comp. L.

§ 566.37; *see also Helena Agri-Enterprises, LLC v. Great Lakes Grain,*

*LLC*, 988 F.3d 260, 268 (6th Cir. 2021) (citing *Swirple v. MGM Grand*

*Detroit, LLC,* No. 345284, 2020 WL 561904, at *2-3 (Mich. Ct. App. Feb.

4, 2020) (per curiam)).  MUVTA provides for two types of voidable

fraudulent transfers: those with fraudulent intent (Mich. Comp. L.

§ 566.34(1)(a)) and those which are "constructively" fraudulent (Mich. Comp. L. §§ 566.34(1)(b) and 566.35(1)). *See Dillard v. Schlussel*, 308 Mich. App. 429, 433 (2014); *Gold v. Wall (In re Wall)*, 661 B.R. 365, 377 (Bankr. E.D. Mich. 2024). The first type encompasses transfers made with actual intent to hinder, delay, or defraud a creditor and applies to transfers made either before or after the creditor's claim arose. *Dillard*, 308 Mich. App. at 433; Mich. Comp. Laws § 566.34(1)(a). The second type under § 566.34(1)(b) and § 566.35(1), commonly called constructive fraud, deems certain transactions fraudulent regardless of the creditor's ability to prove the debtor's actual intent, such as when a debtor transfers his assets when the debtor knew they would incur a substantial debt they would not be able to pay (§ 566.34(1)(b)), or when the creditor has a claim against the debtor but the debtor then transfers his assets and becomes insolvent or was insolvent at the time of the transfer (§ 566.35(1)). Here, Plaintiff alleges the fraudulent transfers under Mich. Comp. L. § 566.34, and the court proceeds on that basis. *See* ECF No. 21, PageID.201-02 (arguing that both § 566.34(1)(a) and (1)(b) are satisfied).

### A.   Mich. Comp. L. § 566.34(1)(a)

Section 566.34(1)(a) makes a transfer voidable by a creditor if it was made with actual intent to defraud a creditor or hinder collection efforts:

> **A transfer** made or obligation incurred by a debtor **is voidable** as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, **if the debtor made the transfer** or incurred the obligation . . . **[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor**.

Mich. Comp. L. § 566.34(1)(a) (emphasis added).

As noted, no party disputes that the transfer from Yousif to himself and Jumana Yousif as tenants by the entireties occurred; Defendant and Third-Party Defendant argue only that 1) the transfer of the house to joint ownership was not an attempt to defraud creditors because, they allege, the property was always intended to be jointly owned, 2) that the "corrected" deed did not create or remove any equity available to Plaintiff, and 3) Plaintiff has advanced only speculation as to fraud rather than evidence.

First, the court addresses the argument that the transfer from Yousif's individual ownership to tenancy by the entireties with his wife does not affect Plaintiff's attempt to collect equity in the property.  As

defined by Mich. Comp. L. § 566.31(s), a "transfer" means ". . . disposing of or parting with an asset or an interest in an asset.  Transfer includes payment of money, release, lease, license, and creation of a lien or other encumbrance."  Although Yousif still owns the property as a tenant by the entireties, there is no question that the transfer changed Defendant's rights and interests in the property.  In the familiar description of property as a "bundle of sticks" comprised of various individual rights, the bundle held by Defendant as the sole owner of the property prior to the transfer was materially different than the tenancy by the entirety bundle that he had after the transfer.  *See In re Mickens*, 575 B.R. 797, 801-02 (Bankr. W.D. Mich. 2017).  Plaintiff has indicated that, if Defendant's personal property is not sufficient to satisfy the judgment, they may ask this court to allow for levy and execution of the residence at issue.  ECF No. 21, PageID.175.  And of particular importance to that remedy, the creditors of one only spouse cannot levy on the entireties property.  *See In re Mickens*, 575 B.R. at 801-02 (citing *Sanford v. Bertrau*, 204 Mich. 244, 247 (1918) (It is well settled in Michigan that "land held by husband and wife as tenants by entirety is not subject to levy under execution on judgment rendered

against either husband or wife alone."); Mich. Comp. L. § 600.6023a;

Mich. Comp. L. § 566.31(b)(iii) (Property of a debtor under MUVTA does

not include "an interest in property held in tenancy by the entireties to

the extent it is not subject to process by a creditor that holds a claim

against only 1 tenant.").  The transfer of the home therefore disposed of

some portion of Milad Yousif's interest in the property, would

significantly alter Plaintiff's ability to collect, and can fall within the

reach of the statute.

Second, Defendant and Third Party Defendant argue that Plaintiff

is relying on "speculation" to prove that this was a fraudulent transfer,

but a clear statement of fraudulent intent is not required to prove

actual fraud.  "[D]ebtors rarely admit to having deliberately placed

assets out of the reach of their creditors[,]" so to facilitate proving

fraudulent intent, courts developed "badges of fraud," or factors, to help

establish proof of intent.  *Dillard v. Schlussel*, 308 Mich. App. 429, 448-

49 (2014).  MUVTA therefore sets out a non-exhaustive list of factors for

courts to consider:

> In determining actual intent under subsection
> (1)(a) . . . , consideration may be given, among
> other factors, to whether 1 or more of the
> following occurred:

10

    (a)    The transfer or obligation was to an insider (note: an "insider" includes a "relative of the debtor" when the debtor is an individual, *see* Mich. Comp. L. 566.31(i))

    (b)    The debtor retained possession or control of the property transferred after the transfer.

    (c)    The transfer or obligation was disclosed or concealed.

    (d)    Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

    (e)    The transfer was of substantially all of the debtor's assets.

    (f)    The debtor absconded.

    (g)    The debtor removed or concealed assets.

    (h)    The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.[2]

---

[2] The phrasing of this badge of fraud is odd, but consistent with the other forms of voidable transfers under the statute, courts have assumed that this was intended to merely mean that courts should "consider" whether reasonably equivalent value was given, and the *absence* of reasonably equivalent value is one indicator of fraud. *See Dillard*, 308 Mich. App. at 452 (when debtor "received no value for transferring" his asset, factor (h) leaned in favor of a finding of actual fraudulent intent); *Morland Prop. Servs., LLC v. J.J. Dev., Inc.*, No. 363581, 2024 Mich. App. LEXIS 262, at *27 (Ct. App. Jan. 11, 2024) (the same); *see also* Mich. Comp. L. § 566.34(1)(b) (specific kind of transfer voidable when made without receiving reasonably equivalent value); § 566.35 (the same).

(i)     The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j)     The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k)     The debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Mich. Comp. L. § 566.34(2).

Here, the transfer was unquestionably to an insider (a), and the Defendant remained in possession of the property (b).  These two on their own are significant.  *Cf. Dillard*, 308 Mich. App. at 450 ("A classic example of such transfers is a debtor spouse subject to a money judgment who 'buries' the titles to the house, car, stocks, bank accounts, and other assets in the other spouse's name.") (quoting citation omitted).

Additionally, Yousif was already aware of a lawsuit against him (d), the transfer occurred shortly before stipulated judgment was entered (j), and because Yousif admitted in his testimony that he could not satisfy any of the judgment in June 2023, the house can be fairly assumed to be the bulk or entirety of Defendant's collectible assets (e).

Finally, because no payment was made, the transfer was not made for "reasonably equivalent value" (h).  "Badges of fraud are not conclusive, but are more or less strong or weak according to their nature and number concurring in the same case, and may be overcome by evidence establishing the bona fides of the transaction." *Ryan Racing, LLC v. Gentilozzi*, 231 F. Supp. 3d 269, 286 (W.D. Mich. 2017) (quoting *Wells v. Salmo (In re Select One, Inc.)*, 556 B.R. 826, 2013 WL 4084103, at *17 (Bankr. E.D. Mich. 2013) (quoting *Bentley v. Caille*, 286 N.W. 163, 164 (Mich. 1939)).  "A 'concurrence of several [of these factors] will always make out a strong case' in support of fraudulent intent." *John Ceci, P.L.L.C. v. Johnson*, No. 288856, 2010 Mich. App. LEXIS 851, 2010 WL 1872927, at *4 (Mich. Ct. App. May 11, 2010) (quoting *Bentley*, 286 N.W. at 164)."  These six factors all indicate that the transfer was made in an attempt to prevent a forced sale of Defendant's marital residence by Defendant's creditors.

Against the weight of this evidence, the only argument that Defendants present is that they always intended their deed to be one of tenancy by the entireties, and that this transfer was just a correction of a mistake.  The court assesses this purported reason against the case

for intent to hinder or delay creditors.  *See, e.g.*, *Morland Prop. Servs., LLC v. J.J. Dev., Inc.*, No. 363581, 2024 Mich. App. LEXIS 262, at *29 (Ct. App. Jan. 11, 2024) (the debtor's identification of a nonfraudulent reason for the transfer of assets created a factual issue for a fact-finder . . .").  Both Defendants testified at the hearing that they intended the house to be titled in both of their names in 2017.  A few times, they and other witnesses referenced the practice of listing a husband as a "married man" on title documents, which under Michigan's previous system of dower rights, may have been sufficient to include Jumana Yousif on the title.  However, dower rights were abolished by statute in Michigan as of April 6, 2017.  Mich. Comp. L. § 588.30.  The mortgage for the property at issue here was done in July 2017 and does list Milad Yousif as "a married man" (ECF No. 53, PageID.372), however, the warranty deed itself was filed August 4, 2017 and lists "Milad Yousif" (nothing more) as the owner of the home.  ECF No. 53, PageID.370. Defendants have no other evidence, other than their testimony in 2024, that they intended the house to be in both of their names in 2017.  The most that other witnesses testified to was that the Yousifs used the home as, and understood it to be, their marital residence – but that is

14

not the same thing as joint legal ownership.  Multiple witnesses, for

example, testified that Jumana Yousif was present at the purchase

transaction in 2017, but her name is not anywhere on the 2017 deed.

ECF No. 21, PageID.180.  There are many good reasons why one spouse

might be listed on a deed and not the other, and the burden is on the

Defendant and Third-Party Defendant to show – not just that the house

was jointly used and occupied – but that they intended at purchasing to

title the house in both of their names.  No contemporaneous document

clearly proves that intent.  Given that the timing of the transfer fell

about a month after Yousif filed an answer in this suit and only a few

weeks before he stipulated to a million-dollar judgment, the court finds

that the Yousifs' testimony does not meet the standard of proving that

the deed was in fact intended to be legally titled in both of their names,

rather than proving their practical intent to use the home as a marital

residence.  *Cf. Rhodes v. Rhodes Tr.*, No. 291974, 2011 Mich. App.

LEXIS 273, at \*4-5 (Ct. App. Feb. 1, 2011) (When parties seek to reform

a contract in Michigan based on mistake, the "burden of proof is upon

the party seeking reformation to present clear and convincing evidence .

. . .") (quoting *E.R. Brenner Co v. Brooker Engineering Co*, 301 Mich.

719, 724 (1942)).  Or, even crediting their explanation, it does not prove

that the transfer in 2024 was intended *only* to correct that mistake and

not *also* to shield the home from Yousif's creditors.

The court therefore finds by the preponderance of the evidence

that the transfer by the Defendant Yousif to tenancy by the entireties

with his spouse was made with actual intent to hinder, delay, or

defraud his creditors, and the transfer is voidable under Mich. Comp. L.

§ 566.34(1)(a).

### B.  Mich. Comp. L. § 566.34(1)(b)

Although not strictly necessary, the court notes that the transfer

is also voidable under § 566.34(1)(b).  Subsection 1(b) functions

similarly to (1)(a).  The difference is that (1)(a) looks for evidence of

actual intent to hinder, delay, or defraud creditors and lists out some

factors to assist in measuring that intent; (1)(b) instead declares a

specific set of circumstances sufficient: if the debtor transferred an asset

without receiving reasonably equivalent value, while the debtor was

aware that they were about to incur a debt that they would not be able

to repay, then the transfer is voidable regardless of "actual" intent:

> A transfer is voidable if the debtor made the
> transfer "[w]ithout receiving a reasonably

16

> equivalent value in exchange for the transfer or
> obligation, and the debtor did either of the
> following:
>
>> (i)      . . .
>>
>> (ii)    Intended to incur, or believed or
>> reasonably should have believed that the
>> debtor would incur, debts beyond the
>> debtor's ability to pay as they became due.

Mich. Comp. L. § 566.34(1)(b).

Here, Milad Yousif transferred the house to joint ownership after

this lawsuit (seeking well over $1,000,000) was filed, and 30 days or less

before a stipulated money judgment was entered (holding Defendant

liable for $980,398.90 plus interest and fees).  Yousif has testified that

he was aware that Plaintiff had filed suit alleging a debt of over

$1,000,000 due and owing, and post-judgment, Yousif has still made no

payments to Plaintiff.  *See, e.g.*, ECF No. 21, PageID.181 (Yousif

testimony) ("[Y]ou were aware of the lawsuit that my client had brought

against you?" "Yes.").  Yousif also testified at the hearing that he would

"probably not" have been able to pay any amount of a $980,000

judgment in June 2023.  Therefore, Yousif believed or should have

believed that he was about to incur a debt beyond his ability to pay.

Finally, Yousif has testified that he received nothing in consideration of

17

the transfer, and therefore did not receive reasonably equivalent value for the change of ownership of the house.  *See Orix Fin. Servs. v. Arms*, No. 2:09-CV-88, 2009 U.S. Dist. LEXIS 120244, at *5 (E.D. Tenn. Dec. 24, 2009) (transfer of property from one person individually to herself and her spouse as tenants by the entireties for no value found to be without reasonably equivalent value).  Notably, Defendants' argument that they did not in fact have actual fraudulent intent and that the original title document was a mistake is relevant only to actual intent under subsection 1(a), and is not a defense to this second basis for liability under 1(b).

Therefore, independent of whether there was actual fraudulent intent, and unrelated to Defendants' argument that the transfer was a correction of a mistake, Plaintiff has also proven by the preponderance of the evidence that the transfer is voidable as constructive fraud under Mich. Comp. L. § 566.34(1)(b).

## V.    CONCLUSION

Therefore, the court **GRANTS** Plaintiff's motion (ECF No. 21).

**IT IS FURTHER ORDERED** that pursuant to the authority granted to the Court under applicable Rules and Statutes governing

18

proceedings supplemental to judgment, including the Michigan

Voidable Transactions Act, Defendant Milad Yousif's June 30, 2023

transfer of the following property to himself and Jumana Yousif as

tenants by the entireties (filed and recorded with the Oakland County

Register of Deeds on July 20, 2023 at **Liber 58746, Pg. 452**), located

within the City of Rochester, Oakland County and State of Michigan

bearing the following legal description:

> Unit 18, The Pinnacle at Oaklands, a
> Condominium according to the Master Deed
> recorded in Liber 46478, Pages 87 through 152
> inclusive, amended by First Amendment recorded
> in Liber 46540, Pages 884 through 898 inclusive,
> Second Amendment recorded in Liber 46554,
> Pages 145 through 148 inclusive, and Third
> Amendment recorded in Liber 47327, Pages 209
> through 221 inclusive, Oakland County Records
> and designated as Oakland County Condominium
> Subdivision Plan No. 2058, together with rights
> in general, common elements and limited
> common elements as set forth in the above
> described Master Deed, as amended, and as
> described in Act 59 of the Public Acts of 1978, as
> amended*; commonly known as 2410 Bella
> Magnolia Court, Rochester, MI 48306 (Tax
> I.D.#10-29-401-018*).

is adjudged to be void under the Michigan Uniform Voidable

Transactions Act and is hereby set aside.  Plaintiff may record this

Order with the Oakland County Register of Deeds, State of Michigan to effectuate the avoidance of the aforementioned deed.

The Motion to Avoid Fraudulent Transfer having been decided, it is **FURTHER ORDERED** that Jumana Yousif is **DISMISSED** from this case.

It is **FURTHER ORDERED** that Plaintiff's motion for writ to seize property and appoint court officer Michael Jones to execution is **DENIED WITHOUT PREJUDICE** as underdeveloped, because Plaintiff's motion and subsequent arguments focused entirely on the fraudulent transfer issue and not the seizure of personal property, and Plaintiff's motion includes only citations to the relevant statutes in support of their motion to seize Defendant's property.  Plaintiff may refile their motion for writ to seize property and appoint a court officer with additional supporting authority.

It is **FURTHER ORDERED** that Plaintiff is hereby awarded attorney fees in the amount of **$500.00** as the prevailing party of this Motion, pursuant to the terms of the stipulated judgment which allows for recovery of fees in post-judgment proceedings.  ECF No. 8, PageID.146.

It is **FURTHER ORDERED** that this court retains jurisdiction to enforce the terms of this Order.

**SO ORDERED**.

Date: March 7, 2025                s/F. Kay Behm
                                   F. Kay Behm
                                   United States District Judge